# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION<br><br>This Document Relates to: All Actions | Master Docket: Misc. No. 21-1230<br><br>MDL No. 3014 |

# PRETRIAL ORDER #1

**WHEREFORE** this court was assigned the above-captioned multi-district litigation ("MDL"), which consists of at least 132 separate actions filed in or transferred to this district that arise out of the June 14, 2021 recall of certain Continuous Positive Airway Pressure ("CPAP"), Bi-Level Positive Airway Pressure ("Bi-Level PAP"), and mechanical ventilator devices manufactured by defendants Philips North America LLC and Philips RS North America LLC prior to April 26, 2021, and

**WHEREFORE** this court must facilitate the just and expeditious resolution of the cases comprising this MDL,

**NOW**, this 10th day of November 2021, the court **HEREBY** enters the following **ORDER**:

**1. APPLICABILITY OF ORDER.** This order and any subsequent orders establishing new procedures or amending the established procedures, shall govern the practice and procedure in all related actions originally filed in this court, removed to this court, and any "tag-along" actions transferred to this court by the Judicial Panel on Multidistrict Litigation (the "Panel") pursuant to Rule 12 of the Rules of Procedure of the Panel. All related actions that are filed in, removed to, or transferred to this court as part of this consolidated action are referred to

hereinafter as the "cases." This order automatically applies to the cases, including any cases that are filed in, removed to, or transferred to this court after the date of this order.

**2.      CONSOLIDATION.** The actions described in paragraph 1 of this order are **CONSOLIDATED** for pretrial purposes. Any "tag-along" action later filed in, removed to, or transferred to this court, or related cases directly filed in the Western District of Pennsylvania, shall automatically be assigned to this court and be consolidated with this action. This consolidation, however, does not constitute a determination that the cases should be consolidated for trial or have the effect of making any person or entity a party to any action in which the person or entity has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

**3.      MASTER DOCKET FILE.** The cases shall be collectively referred to as "*In re: Philips Recalled CPAP, BI-LEVEL PAP, and Mechanical Ventilator Products Litigation, MDL. No. 3014.*" A Master File Docket number was established for this proceeding at Civil Action No. 21-1230. All filings shall be filed in this lead case. Every pleading or motion in *In. re: Philips Recalled CPAP, BI-LEVEL PAP, and Mechanical Ventilator Products Litigation, MDL 3014*, shall have the following caption:

| IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA | |
|---|---|
| **IN RE: PHILIPS RECALLED CPAP, BI-LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LITIGATION** ) ) ) ) ) ) | Master Docket: Misc. No. 21-1230 |
| ) ) | MDL No. 3014 |
| This Document Relates to: ) ) ) ) | |

When a pleading is intended to be applicable to *all actions*, the caption should state "This Document Relates to: All Actions." When a pleading is intended to apply to fewer than all cases, this court's civil action number for each individual case to which the document relates shall appear immediately after the words "This Document Relates to:". All pleadings, motions, and other filings that apply to individual cases must be cross-filed, electronically through Electronic

Case Filing ("ECF") to the master docket and to the individual civil action dockets. All motions currently pending in individual cases must be cross-filed to the master docket within 14 days of the date of this order.

4. **FILING**. Documents after the initial complaint in any transferred action shall be filed with the Clerk of this Court and not with the transferor court. All such pleadings must be filed electronically through ECF. Counsel shall take steps as necessary to be registered as electronic filers in the Western District of Pennsylvania and to familiarize themselves with the court's administrative procedures for filing as soon as practicable.

5. **OFFICIAL COURT WEBSITE.** The court has created and will maintain a web page devoted to the *In re: Philips Recalled CPAP, BI-LEVEL PAP, and Mechanical Ventilator Products Litigation, MDL. No. 3014*, which can be found at: https://www.pawd.uscourts.gov/mdl-3014. Through this website, parties may access orders, the calendar, transcripts, forms used in this MDL, contact information for the court's staff, plaintiffs' lead and liaison counsel (once appointed), defendants' counsel, frequently asked questions, agendas, reports, and other relevant information. Plaintiffs' lead and liaison counsel and defendants' counsel shall confer with the court with respect to the content of the website.

6. **APPEARANCES**. Counsel who appeared in a transferor court prior to transfer need not enter an additional appearance before this court. Moreover, attorneys admitted to practice and in good standing in any United States District Court are admitted pro hac vice in this litigation, and the requirements of Local Rules 83.2(A)(3) and 83.2(B) are waived. Association of local counsel is not required.

7. **GENERAL RESPONSIBILITIES OF COUNSEL.** The court will be guided by the *Manual for Complex Litigation, Fourth* (the "Manual"), as approved by the Judicial Conference of the United States, as well as by the Local Rules of Court for the United States District Court for the Western District of Pennsylvania, available at http://www.pawd.uscourts.gov/sites/pawd/files/lrmanual20181101.pdf, and the undersigned's Chambers Rules, available at http://www.pawd.uscourts.gov/sites/pawd/files/conti_pp.pdf. Counsel are directed to familiarize themselves with the *Manual*, the court's Local Rules of Court, and the undersigned's Chambers Rules.

8. **COUNSEL COOPERATION.** The court expects, indeed insists, that professionalism and courteous cooperation permeate this proceeding from now until this

litigation is concluded. The court record should never be the repository of ill-chosen words arising out of a sense of frustration over real or imagined issues. Because of the high level of competence and experience of attorneys who are generally involved in multi-district litigation, this court is confident that this objective will be achieved without judicial intervention.

      **9.**    **PRO SE LITIGANTS**. Pro se litigants who have not been authorized to file electronically shall continue to file their pleadings with the Clerk of this court in the traditional manner, i.e., on paper.

      **10.**    **COMMUNICATION WITH THE COURT.** Unless otherwise ordered by this court, all substantive communications with the court shall be in writing, with copies to all other counsel. Nevertheless, cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among and between plaintiffs' counsel and among and between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the protection afforded to attorney work product, and the cooperative efforts contemplated above shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff. Nothing contained in this provision shall be construed to limit the rights of any party or counsel to assert the attorney-client privilege or attorney work product doctrine.

      **11.**    **EXTENSION AND STAY OF DISCOVERY.** Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set by this court. Pending further orders of this court, all outstanding discovery proceedings are stayed, and no further discovery shall be initiated. All pending motions are denied without prejudice and may be refiled after the date set by further order of this court following the appointment of the Plaintiffs' Steering Committee ("PSC") and lead counsel.

      **12.**    **PREVIOUS ORDERS.** Any orders, including protective orders, previously entered by this court or any transferor court, shall remain in full force and effect unless modified by this court, with the exception of any transferor court orders imposing pleadings or discovery deadlines, which are hereby vacated.

      **13.**    **PRESERVATION OF EVIDENCE**. All parties and their counsel are directed to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things in possession, custody and control of the parties to this action, and any employees, agents, contractors, carriers, bailees, or other nonparties who possess materials

reasonably anticipated to be subject to discovery in this action. "Documents, data, and tangible things" is to be interpreted broadly to include without limitation: electronically stored information, writings, records, files, correspondence, reports, memoranda, calendars, diaries, minutes, electronic messages, text messages, voicemail, E-mail, telephone message records or logs, computer and network activity logs, hard drives, backup data, removable computer storage media such as USB flash drives, tapes, discs and cards, printouts, document image files, Web pages, social media data, databases, spreadsheets, software, books, ledgers, journals, orders, invoices, bills, vouchers, checks statements, worksheets, summaries, compilations, computations, charts, diagrams, graphic presentations, drawings, films, charts, digital or photographs, video, phonographic, tape or digital recordings or transcripts thereof, drafts, jottings and notes, studies or drafts of studies or other similar such material. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition. Preservation includes turning off any automatic deletion functions and the obligation not to alter any such thing as to its form, content or manner of filing. Until the parties reach an agreement on a preservation plan or the court orders otherwise, each party shall take reasonable steps to preserve all documents, data and tangible things containing information potentially relevant to the subject matter of this litigation. Each counsel is under an obligation to the court to exercise all reasonable efforts to identify and notify parties and nonparties, including employees of corporate or institutional parties of the contents of this paragraph. Failure to comply may lead to dismissal of claims, striking of defenses, imposition of adverse inferences or other dire consequences. Before any devices (including without limitation computers, tablets, cellular telephones, cellular watches, etc.), tangible things, documents, or other records which are reasonably calculated to lead to admissible evidence are destroyed, altered, or erased, counsel shall confer to resolve questions about whether the information should be preserved. If counsel are unable to agree, any party may apply to this court for clarification or relief from this order upon reasonable notice.

   14.  **APPLICATIONS / NOMINATIONS.** The court contemplates the selection of a liaison counsel, a 12-member Plaintiffs' Steering Committee ("PSC"), and lead counsel for the plaintiffs. The PSC and lead counsel will conduct and coordinate the discovery stage of this litigation. At the initial status conference, which is discussed below, the court will receive input from the counsel about the leadership structure for this litigation. The following is a

nonexclusive description of the basic responsibilities of liaison counsel, the PSC, and lead counsel, and of the selection process the court intends to use to fill these positions:

A. **LIAISON COUNSEL.** Counsel shall confer and seek consensus on candidates for the position of liaison counsel. Appointment of the liaison counsel shall be subject to the approval of the court. Liaison counsel will be charged with essentially administrative functions. For example, liaison counsel shall be authorized to receive orders and notices from the court on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties and the performance of other tasks determined by the court. Liaison counsel shall be required to maintain complete files with copies of all documents served upon that counsel in hard copy or electronic form, and to make such files available to parties upon request. Liaison counsel are also authorized to receive orders and notices from the Panel pursuant to Rule 5.2(e) of the Panel's Rules of Procedure or from the court on behalf of all parties and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties. The expenses incurred in performing the services of liaison counsel shall be shared equally by all plaintiffs in a manner agreeable to the plaintiffs' counsel or failing such agreement will be established by the court. Candidates for liaison counsel will submit to the court a current curriculum vitae and any other pertinent information for the court to consider. No submissions longer than three pages will be considered. The court at the initial status conference, which is discussed below, will schedule the date for the filing of applications for liaison counsel.

B. **PLAINTIFFS' STEERING COMMITTEE.** The court contemplates that the PSC will consist of 12 counsel.

   1. **RESPONSIBILITIES**: The PSC shall, at a minimum, have the following responsibilities:
      a. **DISCOVERY.** The PSC shall:
         i. initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in all actions which are consolidated with the instant MDL;

6

    ii. develop and propose to the court schedules for the commencement, execution, and completion of all discovery on behalf of all plaintiffs;

    iii. cause to be issued in the name of all plaintiffs the necessary discovery requests, motions, and subpoenas pertaining to any witnesses and documents needed to properly prepare for the trial of relevant issues;

    iv. conduct all discovery in a coordinated and consolidated manner on behalf of and for the benefit of all plaintiffs, in a fashion in keeping with practice guidelines to be established in subsequent discovery plans or orders of this court.

b. **HEARINGS AND MEETINGS**. The PSC shall:

    i. call meetings of plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the court;

    ii. initiate proposals, suggestions, schedules, or joint briefs, and any other appropriate matters pertaining to pretrial proceedings;

    iii. examine witnesses and introduce evidence at hearings on behalf of plaintiffs; and

    iv. communicate on behalf of all plaintiffs at pretrial proceedings and in response to any inquiries by the court, subject to the right of any plaintiff's counsel to present non-repetitive individual or different positions.

c. **MISCELLANEOUS**. In addition, the PSC shall:

    i. submit and argue any oral or written motions presented to the court on behalf of the PSC and

        oppose when necessary any motions submitted by the defendants or other parties which involve matters within the sphere of the PSC;

ii. negotiate and enter into stipulations with defendants with respect to this litigation; all such stipulations must be submitted to the court for approval, except for purely administrative details; any attorney not in agreement with a non-administrative stipulation may file with the court a written objection thereto within 14 days after the attorney knows or reasonably should have become aware of the stipulation; failure to timely object shall be deemed a waiver, and the stipulation shall be binding on that party;

iii. explore, develop and pursue all settlement options pertaining to any claim or portion thereof of any case filed in this litigation;

iv. maintain adequate files of all pretrial matters and have them available, under reasonable terms and conditions, for examination by plaintiffs or their attorneys;

v. prepare periodic status reports summarizing the PSC's work and progress; these reports shall be submitted to the plaintiffs' liaison counsel, who will promptly distribute copies to the other plaintiffs' attorneys; and

vi. perform any task necessary and proper for the PSC to accomplish its responsibilities as defined or authorized by the court's orders.

2. **REIMBURSEMENT.** Reimbursement for costs and/or fees for services will be set at a time and in a manner established by the court after due notice to all counsel and after a hearing.

3. **APPLICATIONS FOR PSC.** The court will invite the submission of individual applications for positions of membership or leadership of the PSC. The applications must be filed at the master docket, 21-1230. The main criteria considered will be willingness and availability to commit to a time-consuming project, ability to work cooperatively with others, and professional experience in this kind of litigation. Applications should succinctly address each of the above criteria and any other relevant matters. No submissions longer than three pages will be considered. Only attorneys of record in this litigation may apply. The court will consider objections to the appointment of any applicant in writing and filed at the master docket, 21-1230. Objections must be succinct and supported by necessary documentation. The objections should not exceed three pages. Applicants will have an opportunity to file at the master docket, 21-1230 a reply to any such objection lodged against them. The court at the initial status conference, which is discussed below, will schedule the date for the filing of applications for the PSC.

4. **LEAD COUNSEL.** The court intends to select from the PSC two lead counsel. Any counsel who wants to be considered for lead counsel must apply for the 12-member PSC and indicate whether the counsel wants to be considered for appointment as lead counsel.

C. **INTERVIEWS.** The court intends to interview the applicants for liaison counsel, the PSC, and lead counsel in open court. The applicants should be prepared to attend the interviews in person in Courtroom 5A of the Joseph F. Weis, Jr. United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219. The court at the initial status conference, which is

discussed below, will schedule the date for the conference at which the interviews will take place.

15. **INITIAL STATUS CONFERENCE.** The initial status conference will be held on **December 15, 2021, at 1:30 p.m.** in Courtroom 5A of the Joseph F. Weis, Jr. United States Courthouse, 700 Grant Street, Pittsburgh, Pennsylvania 15219. Any counsel who wishes to speak at the initial status conference is expected to attend in person or, on or before **December 8, 2021**, may request by motion an alternative method to appear. All other interested counsel and parties may attend via telephone. The dial-in information will be provided by further notice of court. The agenda at the initial status conference will be as follows:

   a. Introductions;
   b. The court's objectives;
   c. Number and status of cases transferred into the MDL/Master Service List, and expectations concerning the ultimate number of cases;
   d. Cooperation among counsel;
   e. Protocol for appropriate contact with the court;
   f. The duties and responsibilities of the liaison counsel, the PSC, and the lead counsel;
   g. Discussion about plaintiffs' leadership structure, including identification of subcommittees;
   h. Counsels' suggestions for procedures that will facilitate the expeditious, economical, and just resolution of this litigation, including whether plaintiffs intend to file a consolidated complaint or complaints;
   i. Schedules for initial motion practice and discovery;
   j. Service on all parties of summons and complaints;
   k. Confidentiality and entry of protective orders;
   l. Protocols governing electronically stored information;
   m. Scheduling of the interviews for liaison counsel, the PSC and lead counsel, as well as future conferences; and
   n. The appointment of special masters (including e-discovery special masters) and mediators.

16. **APPEARANCE AT THE INITIAL STATUS CONFERENCE.** One attorney representing each party shall appear at the initial status conference. To minimize costs and facilitate a manageable conference, parties with similar interests may agree to have an attending attorney represent their interest at the conference. Any plaintiff appearing through a designated attorney instead of the plaintiff's attorney of record shall serve written notice of such arrangement on the master docket, 21-1230, no later than **December 8, 2021.** By designating an attorney to represent a plaintiff's interest at the conference, the plaintiff will not be precluded from other representation during the litigation, or waive of any objections to jurisdiction, venue, or service. As discussed above, any counsel that desires to speak at the conference, shall appear in person or, on or before **December 8, 2021**, request by motion an alternative method to appear.

17. **COVID-19 PROTOCOLS.** Counsel appearing in person before this court shall comply with the COVID-19 protocols in place in the United States District Court for the Western District of Pennsylvania. Counsel shall consult the court's website for updated information prior to any in-person hearing before the court. The court's operations and COVID-19 administrative orders can be found on the court's website: https://www.pawd.uscourts.gov/court-operations-and-covid-19-administrative-orders. The current administrative order with respect to the face-mask requirement is found at the following link: https://www.pawd.uscourts.gov/sites/pawd/files/NEW_Updated_Admin_Order_re_Masks_8-9-21_FILED.pdf.

18. **ORDER SENT TO THE PANEL.** The court DIRECTS the Clerk to send a copy of this order to the Clerk of the Panel.

**IT IS SO ORDERED.**

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge